# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

  **Plaintiff,**

v.                       Case No: 6:17-cv-36-Orl-31KRS

**YVES DEMESMIN, UNIK TAX REFUND, LLC, UJM TAX SERVICES, LLC, ELIE DORCEUS, LOYAL EXPERIENCE DEPENDABLE TAX SERVICE, LLC, LED FINANCIAL SERVICE, LLC, MARIO COOPER, DIA FLEMING, DIA I. FLEMING, LLC, YVESDEMESMIN, LLC and JOSEPH DEMESMIN,**

  **Defendants.**

## ORDER OF PRELIMINARY INJUNCTION

This matter comes before the Court after a December 1, 2017 hearing on the Government's Motion For Preliminary Injunction (Doc. 61) (henceforth, the "Motion"). The deadline for filing a response to the Motion has passed, and no Defendant has done so. However, three Defendants – Joseph Demesmin, Mario Cooper, and Elie Dorceus – attended the hearing.

### I.   Background

The individual Defendants are tax preparers; the LLC Defendants are the entities through which the individual Defendants operate their tax preparation businesses. The Government contends that for the past several years the individual Defendants have prepared and overseen the preparation of federal income tax returns that create "large – but false – tax refunds through fabricated income, expenses, deductions, and credits." (Motion at 2). Part of these excessive refunds would be paid to the preparer in the form of fees for preparing the return.

On January 9, 2017, the Government filed the instant suit, seeking to enjoin the Defendants and those associated with them from participating in or associating with tax preparation pursuant to 26 U.S.C. § 7407 (Count I), 26 U.S.C. § 7408 (Count II), and 26 U.S.C. § 7402(a) (Count III). The Government also seeks disgorgement as to all Defendants pursuant to 26 U.S.C. § 7402(a).

The Government contends that the Defendants have continued to prepare and oversee the preparation of false tax returns even after this suit was filed. On November 15, 2017 the Government filed the Motion, seeking a preliminary injunction that would, *inter alia*, prevent the Defendants from engaging in or assisting with tax preparation during the upcoming tax season. The meticulously documented Motion is accompanied by numerous exhibits, including dozens of depositions of individuals who had their returns prepared by one of the businesses at issue in recent years (Doc. 63-1 to 63-43). Generally speaking, those individuals testified that the preparers falsified the information on their returns without their knowledge in numerous ways, such as by mischaracterizing non-deductible expenses as deductible or by simply making up deductible expenses that the individual never actually incurred. Many of the deponents also testified that they were not provided with copies of their returns, and that the person they saw preparing their return did not sign it.

Along with the depositions, the Government provided copies of the tax returns at issue, including financial records showing portions of the refunds being paid to the Defendants.

On December 1, 2017, the Court held a hearing on the Motion. Only three of the individual Defendants appeared – Joseph Demesmin, Mario Cooper, and Elie Dorceus.[1] All three, appearing *pro se*, addressed the Court. While not admitting having participated in the

---

[1] None of the LLC Defendants are represented by counsel in this matter.

preparation of false tax returns, none attempted to rebut the Government's arguments. All three stated they had no intention of preparing taxes in the upcoming tax season.

## II. Legal Standards

### A. Preliminary Injunctions

In determining whether preliminary injunctive relief is merited, the district court must consider whether the movant has established: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (citations omitted).

### B. Injunctive relief vs. tax preparers

The Government seeks injunctive relief in this case under several provisions of the Internal Revenue Code, including 26 U.S.C. § 7407, which authorizes the imposition of an injunction of any tax preparer if the Court finds

> (1) that a tax preparer has
>
> > (A) engaged in any conduct subject to penalty under [26 U.S.C. §§] 6694[2] or 6695,[3] or subject to any criminal penalty provided by this title,
> >
> > (B) misrepresented his eligibility to practice before the Internal Revenue Service, or otherwise misrepresented his experience or education as a tax return preparer,

---

[2] 26 U.S.C. § 6694 imposes penalties for understatement of a taxpayer's liability by a tax return preparer.

[3] 26 U.S.C. § 6695 imposes penalties for other misconduct related to tax preparation, such as failure to furnish a copy of the return to the taxpayer or failure, by the preparer, to sign the return.

> > (C) guaranteed the payment of any tax refund or the
> > allowance of any tax credit, or
> >
> > (D) engaged in any other fraudulent or deceptive conduct
> > which substantially interferes with the proper administration
> > of the Internal Revenue laws, and
> 
> (2) that injunctive relief is appropriate to prevent the recurrence of
> such conduct.

26 U.S.C. § 7407(b).

The Government also seeks an injunction pursuant to 26 U.S.C. § 7408, which authorizes injunctive relief with regard to anyone whose actions are subject to penalty under 26 U.S.C. § 6701,[4] where the Court finds that an injunction is appropriate to prevent recurrence of such conduct. Finally, the Government seeks an injunction pursuant to 26 U.S.C. § 7402(a), which empowers the district courts to "render such judgments and decrees as may be necessary and appropriate for the enforcement of the internal revenue laws."

## III. Analysis

### A. Likelihood of Success on the Merits

Based on the voluminous deposition testimony and other evidence presented by the Government in connection with the Motion, none of which has been countered by any of the Defendants, the Court finds that the Government is likely to succeed in showing that the Defendants prepared tax returns that understated taxpayers' liability in violation of 26 U.S.C. § 6694 and/or in a manner that violated 26 U.S.C. § 6695. Further, the Court finds that injunctive relief is appropriate to prevent the recurrence of such conduct. Similarly, the Court finds that the Government is likely to succeed in showing that the Defendants aided and abetted the

---

[4] 26 U.S.C. § 6701 imposes penalties for aiding and abetting understatement of tax liability.

- 4 -

understatement of tax liability, and that an injunction is appropriate to prevent recurrence of such conduct. As such, the Court finds that the Government is likely to succeed under both 26 U.S.C. § 7407(b) and 26 U.S.C. § 7408. Given that the Government is likely to succeed under both of these provisions, the Court will defer resolution of the question of whether the Government is likely to succeed under 26 U.S.C. § 7402(a).

B. Irreparable Injury

According to deposition testimony and the dates of many of the returns accompanying the Motion, the Defendants continued to prepare tax returns even after the instant suit was filed in January 2017. In addition, the Court notes that none of the Defendants are now represented by an attorney, suggesting that the Defendants' gains from these false tax returns have already disappeared. Accordingly, the Court finds that an injunction is appropriate to prevent further, likely unrecoverable losses.

C. Balance of Harms

The Court finds that the threat to the Treasury clearly outweighs the threat of harm to Defendants, particularly given that those Defendants who responded to the Motion stated that they had no intention of preparing tax returns or assisting tax preparation by others.

D. Public Interest

Nothing in the record here suggests that the public interest would be harmed by the imposition of an injunction. On the other hand, allowing the Defendants to engage in this conduct would expose the Treasury to further losses and the Defendants' ill-advised customers to liability for overdue taxes, penalties and interest.

The Court finds that Joseph Demesmin, Elie Dorceus, Mario Cooper, Dia Fleming, UJM Tax Services, LLC, Loyal Experience Dependable Tax Service, LLC, LED Financial Service,

LLC, and Dia I. Fleming LLC (collectively "the Defendants") have engaged in conduct subject to penalty under 26 U.S.C. §§ 6694, 6695, and 6701, and fraudulent or deceptive conduct which substantially interferes with the administration of the internal revenue laws. The Court finds that injunctive relief is appropriate, and that a narrower injunction barring specific conduct will not suffice. The Court further finds that the equitable factors weigh in favor of a preliminary injunction.[5] Based on the record, and for good cause shown, the Court grants the motion and enters a preliminary injunction under 26 U.S.C. §§ 7402, 7407, and 7408, as follows:

**IT IS HEREBY ORDERED** that Joseph Demesmin, Elie Dorceus, Mario Cooper, Dia Fleming, UJM Tax Services, LLC, Loyal Experience Dependable Tax Service, LLC, LED Financial Service, LLC, and Dia I. Fleming LLC, and anyone acting in concert or participation with them, are preliminarily enjoined pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, from acting as federal tax return preparers and assisting in, advising, or directing the preparation or filing of federal tax returns, amended returns, or any other federal tax documents or forms for any person or entity other than themselves; investing in, providing capital or loans to, or receiving fees or remuneration from a tax return preparation business; and owning, operating, managing, working in, controlling, licensing, consulting with, or franchising a tax return preparation business.

**IT IS FURTHER ORDERED** that Joseph Demesmin, Elie Dorceus, Mario Cooper, Dia Fleming, UJM Tax Services, LLC, Loyal Experience Dependable Tax Service, LLC, LED Financial Service, LLC, and Dia I. Fleming LLC, pursuant to 26 U.S.C. § 7402, shall immediately

---

[5] In addition to the injunction, the Government seeks an asset freeze and an accounting. The Court does not find an asset freeze is warranted at this time. As for the accounting, the Court notes that discovery is underway in this case and may resolve the same issues the Government seeks to address with its request for an accounting. The Court will therefore defer ruling on that request.

close all tax return preparation stores that they currently own directly or through any entity. Joseph Demesmin, Elie Dorceus, Mario Cooper, Dia Fleming, UJM Tax Services, LLC, Loyal Experience Dependable Tax Service, LLC, LED Financial Service, LLC, and Dia I. Fleming LLC shall not thereafter re-open those tax return preparation stores or any new store(s) absent order of this Court.

**IT IS FURTHER ORDERED** that Joseph Demesmin, Elie Dorceus, Mario Cooper, Dia Fleming, UJM Tax Services, LLC, Loyal Experience Dependable Tax Service, LLC, LED Financial Service, LLC, and Dia I. Fleming LLC, pursuant to 26 U.S.C. § 7402, are prohibited from assigning, transferring, or selling: (1) a personal or business Preparer Tax Identification Number(s) (PTIN); (2) a personal or business Electronic Filing Identification Number(s) (EFIN); (3) any other federally issued identification number(s) to prepare or file federal income tax returns; (4) a list of customers or any other customer information; or (5) any proprietary information pertaining to their tax preparation businesses.

**IT IS FURTHER ORDERED** that Joseph Demesmin, Elie Dorceus, Mario Cooper, Dia Fleming, UJM Tax Services, LLC, Loyal Experience Dependable Tax Service, LLC, LED Financial Service, LLC, and Dia I. Fleming LLC, pursuant to 26 U.S.C. § 7402 are prohibited from assigning, transferring, or selling any franchise agreement, independent contractor agreement, or employment contract related to their tax preparation businesses.

**IT IS FURTHER ORDERED** that Joseph Demesmin, Elie Dorceus, Mario Cooper, Dia Fleming, UJM Tax Services, LLC, Loyal Experience Dependable Tax Service, LLC, LED Financial Service, LLC, and Dia I. Fleming LLC, pursuant to 26 U.S.C. § 7402, shall, within 5 days, provide a copy of this Order to all of their principals, officers, managers, franchisees, employees, and independent contractors.

**IT IS FURTHER ORDERED** that Joseph Demesmin, Elie Dorceus, Mario Cooper, Dia Fleming, UJM Tax Services, LLC, Loyal Experience Dependable Tax Service, LLC, LED Financial Service, LLC, and Dia I. Fleming LLC, pursuant to 26 U.S.C. § 7402, shall, within 5 days, post a message on all of their social media accounts (Facebook, Twitter, Instagram, and any other account) held or controlled by them or used by any of their tax preparation businesses stating that the Court has barred them from preparing tax returns indefinitely.

**IT IS FURTHER ORDERED** that Joseph Demesmin, Elie Dorceus, Mario Cooper, Dia Fleming, UJM Tax Services, LLC, Loyal Experience Dependable Tax Service, LLC, LED Financial Service, LLC, and Dia I. Fleming LLC, pursuant to 26 U.S.C. § 7402, shall, within 5 days, post a full-sized (8 ½" by 11"), paper copy of this Order of Preliminary Injunction upon the entrance place, front door, or front window of any tax preparation store that they own, are currently renting, or have rented for the 2018 tax filing season so that it is prominent and visible to the public, and shall maintain a copy of this Order of Preliminary Injunction upon the entrance until such time as the Court modifies, vacates, or supersedes this Order.

This Order of Preliminary Injunction against Joseph Demesmin, Elie Dorceus, Mario Cooper, Dia Fleming, UJM Tax Services, LLC, Loyal Experience Dependable Tax Service, LLC, LED Financial Service, LLC, and Dia I. Fleming LLC shall remain in full force and effect until the final resolution of this case on the merits or such time as the Court modifies, vacates, or supersedes this Order.

**DONE and ORDERED** in Chambers in Orlando, Florida on December 7, 2017.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE