# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                                                                       Case No: 6:17-cv-36-GAP-EJK

**YVES DEMESMIN, UNIK TAX REFUND, LLC, UJM TAX SERVICES, LLC, ELIE DORCEUS, LOYAL EXPERIENCE DEPENDABLE TAX SERVICE, LLC, LED FINANCIAL SERVICE, LLC, MARIO COOPER, DIA FLEMING, DIA I. FLEMING, LLC, YVESDEMESMIN, LLC, and JOSEPH DEMESMIN,**

      Defendants.

## ORDER

This cause comes before the Court on the *Ex Parte* Motion by United States for Continuing Writ of Garnishment (the "Motion"), filed April 25, 2023. (Doc. 141.) Attached to the Motion is a proposed writ. (Doc. 141-2.) For the reasons set forth below, the Motion is due to be granted.

On January 29, 2019, the Court entered a default judgment in favor of the United States and against Yvyes Demesmin, Unik Tax Refund, LLC, and YvesDemesmin, LLC, jointly and severally, in the amount of $1,251,456.54. (Doc. 138.) The United States contends that the Judgment remains outstanding and that U.S. Tire Imports, Inc. ("Garnishee"), as Defendant Yves Demesmin's employer, "may

otherwise have possession of substantial nonexempt property belonging to Demesmin." (Doc. 141 at 2.) As such, the United States seeks the issuance of a writ of continuing garnishment directed at Garnishee. (*Id.*)

A party may enforce a money judgment by a writ of execution. Fed. R. Civ. P. 69(a)(1). The procedure "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* The Federal Debt Collections Procedures Act ("FDCPA") provides "the exclusive civil procedure for the United States . . . to recover a judgment on a debt." 28 U.S.C. § 3001(a)(1). Under the FDCPA, the Court "may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). Section 3206(b)(1) outlines the general requirements for an application for a writ of garnishment, and Section 3205(c)(2) contains specific requirements for the form of the writ.

As Plaintiff has obtained a judgment against Defendant, Plaintiff has a right to a continuing writ of garnishment. *See* 28 U.S.C. §§ 3001(a)(1), 3205(a). Plaintiff's motion satisfies the requirements of Section 3205(b)(1), and Plaintiff attaches a proposed writ as an exhibit to the motion (Doc. 141-2), which complies with the requirements of Section 3205(c)(2). As such, the Court shall issue the writ. 28 U.S.C. § 3205(c)(1).

Accordingly, it is hereby **ORDERED** that the *Ex Parte* Motion by United States for Continuing Writ of Garnishment (Doc. 141) is **GRANTED**. The Clerk is **DIRECTED** to **ISSUE** the proposed writ of garnishment. (Doc. 141-2.) The Clerk is **FURTHER DIRECTED** to remove the *ex parte* designation on the Motion.

**DONE** and **ORDERED** in Orlando, Florida on May 10, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE